IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNY LOPEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-190-GMS |
| | ) |
| U. S. DEPARTMENT OF JUSTICE and | ) |
| PETER T. DALLEO, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Johnny Lopez ("Lopez"), #459748, filed this action alleging violations of his constitutional rights. Lopez proceeds *pro se* and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 1.) Lopez is currently an inmate at the Delaware Correctional Center, Smyrna, Delaware.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule", when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. § 1915(g).

The court takes judicial notice that Lopez, while incarcerated, has filed at least three civil actions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted as follows: *Lopez v. Howard*, Civ. No. 06-107-GMS (D.Del. Apr. 10, 2006); *Lopez v. Delaware*, Civ. No. 03-936-GMS (D.Del. June 16, 2004); *Lopez v. Williams*, Civ. No. 02-120-GMS (D.Del. Mar. 29, 2004). Accordingly, Lopez may not file another civil action *in forma pauperis* while incarcerated unless he was in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard.

Lopez's motion for leave to proceed *in forma pauperis* (D.I. 1) is DENIED. However, Lopez is given thirty (30) days from the date of this order to pay the $250.00 filing fee. If Lopez does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

DATED: April 11, 2006

UNITED STATES DISTRICT JUDGE