IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNY LOPEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 06-190-GMS |
| ) | |
| U. S. DEPARTMENT OF JUSTICE and ) | |
| PETER T. DALLEO, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

The plaintiff, Johnny Lopez ("Lopez"), an inmate at the Delaware Correctional Center ("DCC"), filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 10.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.    STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing

*Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## II.   ANALYSIS

### A. Background

Lopez names as the defendants the United States Department of Justice ("DOJ") and Peter T. Dalleo ("Dalleo"), Clerk of Court for the U.S. District Court for the District of Delaware. Lopez alleges he filed a civil rights case in February 2002, was assessed the $150.00 filing fee, and ordered to make payments towards the filing fee. He alleges that he paid almost eighty dollars and "his case never started." Lopez alleges he filed two motions requesting the court to start his case and the motions were denied, but he never received notice that the motions had been denied. The case was dismissed on March 29, 2004. Plaintiff alleges that he "can't believe the Clerk of the Court sent this case to be dismissed when the case never started" and when the defendant in that case, Warden Raphael Williams ("Warden Williams"), "never responded or sent any motion to dismiss." Plaintiff alleges that he believes Dalleo is doing favors for his friend Warden Williams. Plaintiff received a copy of the March 29, 2004 order and questions how Dalleo could mail it to him at his prison address when Lopez did not send a change of address to the court until December 2004.

Lopez also alleges that he filed another civil action in September 2003 against the State of Delaware, was assessed the $150.00 filing fee, and ordered to make an initial partial filing fee

payment. He alleges that before he could pay any money towards the filing fee, the case was dismissed by the court. Lopez questions how the case could be dismissed when it never started. He also alleges that his appeal of the case was not docketed in the District Court and he "believes" Dalleo is doing everything in violation of his constitutional rights on purpose, and not "by mistake." Lopez further alleges that Dalleo has too many friends in the State of Delaware and is using his case to pay back favors or discriminate against Spanish people.

### B. State Actors

Plaintiff filed this case pursuant to § 1983 and names as the defendants the DOJ and Dalleo. Neither of the defendants are state actors. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)) (overruled in part on other grounds *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. The DOJ is a department of the federal government and Dalleo is a federal employee. Section 1983 creates a remedy to redress a deprivation of a federally protected right by a person acting under color of state law, but is inapplicable to persons acting under color of federal law. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 n.1 (1971) (Harlan, J., concurring).

### C. Failure to State a Claim/Immunity

Lopez's claims fail even if he had properly filed the claims against the federal defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389

(1971), which governs civil rights claims against a federal defendant. Initially, the court notes that the complaint contains no allegations against the DOJ except to demand that it pay Lopez ten million dollars in damages. Moreover, the DOJ is immune from suit. Lopez does not allege that the United States has waived its immunity in this case, and a *Bivens* action may not be brought against a federal agency. *Federal Deposit Insur. Corp. v. Meyer*, 510 U.S. 471, 475, 485-86 (1994). Finally, to the extent the complaint seeks monetary damages against Dalleo in his official capacity, said claims are also barred by the doctrine of sovereign immunity. *Id.* at 475 (1994).

Under certain circumstances a clerk of court may be entitled to judicial immunity. "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges-that is, because they, too, 'exercise a discretionary judgment' as a part of their function." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436, (1993) (citations omitted); *Tucker v. Doe*, 173 Fed. Appx. 969 (3d Cir. 2006). *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (a clerk may not be entitled to absolute immunity in all cases, and holding that the clerk was immune from liability for allegedly failing to properly manage the court calendar). It may be that Dalleo is entitled to quasi-judicial immunity. There is no need to address the issue, however, inasmuch as the claims against Dalleo must be dismissed for failure to state a claim of a constitutional violation.

The court takes judicial notice of the two civil cases Lopez refers to, *Lopez v. Williams*, Civ. Action No. 02-120-GMS, and *Lopez v. Delaware*, Civ. Action No. 03-936-GMS, wherein he complains that Dalleo improperly sent his cases for dismissal. In both cases Lopez appeared *pro se*, was granted *in forma pauperis* status, assessed an initial partial filing fee, and directed

to make payments towards the filing fee. Both cases were subject to the initial screening process for prisoner complaints pursuant to 28 U.S.C. § 1915A and were dismissed without prejudice as a result of the screening. Lopez makes specious allegations that Dalleo improperly "sent the case to be dismissed" when the defendant never responded or filed a motion to dismiss or when Lopez had not yet paid any money towards his filing fee. The court is statutorily required to screen prisoner civil rights cases and does so as soon as practicable after the case is docketed.

Lopez's other allegations are frivolous. The docket sheet in *Lopez v. Williams*, Civ. Action No. 02-120-GMS, indicates that Lopez received notice of the denials of his "motions to start the case" in the court's March 29, 2004 order found at D.I. 15. Lopez takes exception to the fact that a copy of the March 29, 2004 order was sent to his prison address even though he did not formally update the court with his current address until December 2, 2004. The record reflects, however, that as early as May 22, 2003, Lopez notified the court that he had been recently incarcerated. *Lopez v. Williams*, Civ. Action No. 02-120-GMS, at D.I. 8. Finally, in *Lopez v. Delaware*, Civ. Action No. 03-936-GMS, Lopez, alleges that Dalleo purposefully failed to docket his notice of appeal and he references a letter from the United States Court of Appeals for the Third Circuit to support his claim. The court takes judicial notice that Lopez sent his notice of appeal to the appellate court's clerk's office rather than to district court's clerk's office. *See Lopez v. Delaware*, Civ. Action No. 03-936-GMS, at D.I. 10 envelope addressed to court of appeals. The letter Lopez refers to advised Dalleo of the incorrect mailing, and forwarded the notice of appeal to the district court for filing and to protect Lopez's appellate rights. Lopez makes a frivolous claim that Dalleo failed to docket the notice of appeal. Lopez has not alleged constitutional violations by Dalleo.

The defendants are either immune from suit in their official capacity, the complaint fails to state a claim upon which relief may be granted, and/or the claims are frivolous. Therefore, the Court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### III. CONCLUSION

Based upon the foregoing analysis, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted, the defendants are immune from suit, and the claims are frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976). An appropriate order will be entered. An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

June 19, 2007
Wilmington, Delaware

FILED
JUN 19 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNY LOPEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 06-190-GMS |
| | ) |
| U. S. DEPARTMENT OF JUSTICE and | ) |
| PETER T. DALLEO, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 14th day of June, 2007, for the reasons set forth in the Memorandum issued this date, the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, the defendants are immune from suit, and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile.

_____
UNITED STATES DISTRICT JUDGE



FILED

JUN 19 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE