**DLD-399**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3230

JOHNNY LOPEZ,

                                                 Appellant

v.

U.S. DEPARTMENT OF JUSTICE; PETER T. DALLEO

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 06-cv-00190)
District Judge: Honorable Gregory M. Sleet

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 27, 2007

Before: BARRY, AMBRO and FISHER, CIRCUIT JUDGES

**JUDGMENT**

This cause came on to be heard on the record from the United States District Court for the District of Delaware and was submitted for possible dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Circuit L.A.R. 27.4 and I.O.P. 10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the appeal is dismissed under 28 U.S.C. § 1915(e)(2)(B). All of the above in accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron
Clerk

DATED: October 15, 2007

Certified as a true copy and issued in lieu
of a formal mandate on ___12/6/07___

*Marcia M. Waldron*

Teste:
Clerk, U.S. Court of Appeals for the Third Circuit

OFFICE OF THE CLERK
## UNITED STATES COURT OF APPEALS

| | | |
|---|---|---|
| Marcia M. Waldron<br>Clerk | FOR THE THIRD CIRCUIT<br>21400 United States Courthouse<br>601 Market Street<br>Philadelphia PA 19106-1790 | Telephone<br>267-299-4952 |

www.ca3.uscourts.gov

December 6, 2007

Mr. Peter T. Dalleo, Clerk
U.S. District Court for the District of Delaware
844 King Street
Lockbox 18
Wilmington, DE  19801

**RE: Docket No. 07-3230**
    **Lopez  vs. US Dept Justice**
    **D.C. No. 06-cv-00190**

Dear Mr. Dalleo:


    Enclosed is a certified copy of the judgment together with copy of the opinion in the above-entitled case(s). The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

    Kindly acknowledge receipt for same on the enclosed copy of this letter.

    Counsel are advised of the issuance of the mandate by copy of this letter.  A copy of the certified judgment is also enclosed showing costs taxed, if any.


                              Very truly yours,
                              MARCIA M. WALDRON
                              Clerk

                        By:   Carmen M. Hernandez
                              Case Manager



Enclosure

cc:
    Johnny Lopez #459748
     Douglas E. McCann, Esq.

**DLD-399** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3230
_____

JOHNNY LOPEZ,

                                                  Appellant

v.

U.S. DEPARTMENT OF JUSTICE; PETER T. DALLEO
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civ. No. 06-cv-00190)
District Judge: Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 27, 2007

Before: BARRY, AMBRO and FISHER, CIRCUIT JUDGES

(Filed: October 15, 2007 )
_____

OPINION
_____

PER CURIAM

      This is an appeal from the District Court's dismissal of Johnny Lopez's complaint and his subsequent motion for relief from judgment. For the following reasons, we will dismiss this appeal. See 28 U.S.C. § 1915(e)(2)(B)(i).

On March 21, 2006, Appellant, an inmate at Delaware Correctional Center, filed a civil rights action pursuant to 42 U.S.C. § 1983. Appellant alleges that Peter T. Dalleo, Clerk of Court for the U.S. District Court of Delaware, improperly sent Appellant's previous civil actions for dismissal. Specifically, Appellant claims that Dalleo sent his February 2002 civil rights complaint[1] to the court for dismissal even though the defendant in that case, Warden Raphael Williams, "never responded or sent any motions to dismiss." Appellant also alleges that Dalleo sent his September 2003 suit against the State of Delaware[2] for dismissal before the State of Delaware responded to his claims. In the complaint Appellant makes no specific allegations against the U.S. Department of Justice ("DOJ") except to demand that it pay him ten million dollars in damages. On June 19, 2007, the District Court entered an order dismissing Appellant's complaint without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Appellant filed a timely notice of appeal from that order.

We review de novo the District Court's dismissal of a complaint under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b). See McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

---

[1] Lopez v. Williams, Civ. Action No. 02-120-GMS (D. Del. Mar. 29, 2004).

[2] Lopez v. Delaware, Civ. Action No. 03-936-GMS (D. Del. June 16, 2004).

Section 1983 creates a remedy to redress a deprivation of a federally protected right by a person acting under color of state law. Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005). The DOJ is a federal agency, and Dalleo, clerk for a federal district court, is a federal employee. Section 1983 is inapplicable to persons acting under color of federal law. See Bivens v. Six Unknown Named Agents, 403 U.S. 388, 389 n.1 (1971) (Harlan, J., concurring). Therefore, section 1983 does not apply to Appellant's claims. Moreover, Appellant's claim against the DOJ would fail even if he had filed his claims under Bivens, which governs civil rights claims against federal defendants. The DOJ is a federal agency and the Supreme Court has held that federal agencies are not appropriate defendants for Bivens actions. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 486 (1994).

Finally, Appellant's complaints against Dalleo are without legal merit. Appellant claims that Dalleo sent his cases for dismissal without "starting" the case. Dalleo's actions in both of Appellant's cases were part of a screening process required by statute. See 28 U.S.C. 1915A(b); Ray v. Kertes, 285 F.3d 287, 296 n.11 (3d Cir. 2002) (noting that sections 1915A(a)-(b) direct dismissal before docketing under certain circumstances). Appellant also claims that Dalleo never sent him notice that his two motions "to start the case" in Lopez v. Williams were denied. The District Court docket, however, clearly indicates that Appellant was sent notice of the denials on March 29, 2004. Thus, Appellant has failed to allege deprivation of an interest protected by the Constitution.

In sum, because Lopez's appeal lacks arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).